**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                    **Case No. CR2-09-187**
                                            **JUDGE GREGORY L. FROST**

    **v.**

**ALAIDHY DIENG,**

        **Defendant.**

**ORDER**

This matter came on for a hearing this 10th day of May, 2010 upon Defendant's Motion to Withdraw Guilty Plea (Doc. # 31) filed on April 27, 2010 and upon the Government's Response (Doc. # 32) filed on April 28, 2010.

**I.  PROCEDURAL**

As background, Defendant was indicted on August 4, 2009.  The one count Indictment charged Defendant with Access Device Fraud in violation of 18 U.S.C. § 1029(a)(3). Specifically, it is alleged that Defendant knowingly possessed fifteen or more unauthorized or counterfeit credit cards or credit card information and that Defendant possessed the credit cards or credit card information with intent to defraud.  On October 8, 2009 a Plea Agreement (Doc. # 17) was filed with this Court.  The Plea Agreement was executed by the parties on the same day, October 8, 2009.  The Plea Agreement indicates that Defendant intends to enter a plea of guilty to the one count Indictment and outlines the maximum possible sentence.  Recognizing that the provisions are not binding in the Court, the parties nevertheless agreed to certain matters affecting the United States Sentencing Guidelines.  The Government and Defendant agreed that

he has accepted responsibility, that he has timely notified the authorities of his intention to enter a plea of guilty, that the amount of loss was less then $120,000, that there were more than 50 but less than 250 victims, and that Defendant possessed five or more means of identification.

Eighteen days later, on October 26, 2009 Defendant appeared with counsel and entered a plea of guilty to the indictment pursuant to the Plea Agreement. During the plea colloquy Defendant acknowledged that he understood the nature and meaning of the charge and the consequences of his plea of guilty. Defendant indicated that he was satisfied with his attorney's advice and representation and that he understood the terms of the plea agreement. Importantly, Defendant acknowledged on two separate occasions during the change of plea hearing that he would not be permitted to withdraw his plea of guilty even if the sentence is more severe then Defendant expected. The Court found that the plea of guilty was a knowing and voluntary plea and the plea of guilty was accepted.

The Court ordered that a presentence report be completed and it was filed on February 4, 2010. The Probation Officer found that Defendant fell within a twenty-four to thirty month sentencing range pursuant to the United States Sentencing Guidelines and the Probation Officer reconsidered a twenty-four month sentence.

The Court eventually scheduled the sentencing hearing for April 29, 2010 after two requested continuances. Then on April 27, 2010, two days before the sentencing hearing and more than 6 ½ months (207 days) after Defendant entered his guilty plea, the Motion to Withdraw Guilty Plea was filed.

## II. FACTS

At the hearing conducted on May 19, 2010, Defendant testified on his own behalf.

Defendant testified that he was advised by his attorney to come to Court on October 26, 2009 but was not told why he was supposed to be there. Defendant indicated that when he arrived at the courthouse he was presented with the plea agreement, told to sign it, and then entered the guilty plea before the judge. Defendant testified that he was unprepared and signed the plea agreement which he did not understand. Thereafter, Defendant stated that he wanted to investigate the facts further and had some problems contacting his attorney. He said that he eventually decided that he should file a motion to suppress because he believes one of the investigating officers opened a flash drive without first obtaining a search warrant. The flash drive was removed from Defendant at the time of his arrest and was later found to contain extremely incriminating evidence concerning counterfeit credit cards. Defendant maintained in Court that he did not file his Motion to Withdraw Guilty Plea sooner because he was attempting to get evidence that Special Agent Patricia Ellington searched the flash drive before a search warrant was obtained. Defendant also testified that he was not maintaining his innocense concerning all the illegal transactions that occurred but was denying that he committed some of the illegal acts and that he did not use the credit cards in some states where he was accused of using them. Defendant indicated that he felt rushed on the day the guilty plea was entered. As far as his nature and background, Defendant testified that he is the house manager of a group home, that he is single, and that his girlfriend is pregnant with his child. Finally, Defendant maintained that he is unfamiliar with the criminal justice system although he admitted to one previous trespassing conviction and he has robbery and assault charges pending in state court.

On cross-examination, Defendant admitted that he had signed the written plea agreement eighteen days before the guilty plea and that he was not rushed on the day he entered his plea of

guilty. The fact that Defendant attempted to fabricate the story about entering his plea of guilty on the same day as he signed the Plea Agreement cast so much doubt on the Defendant and the rest of his testimony that this Court concludes that Defendant's entire testimony was suspect.

The Government introduced a letter from Special Agent Patricia Ellington, without objection from Defendant, that basically refuted all of Defendant's allegations concerning Special Agent Ellington's activities in this matter. Special Agent Ellington denied that she spoke with Defendant regarding the examination of his flash drive and that she did not perform a computer forensic examination of any electronic media belonging to Defendant before receiving a search warrant.

Officer Paxton, the arresting officer, described the sequence of events that led to Defendant's arrest and the confiscation of the flash drive from Defendant's person during a search incident to his arrest. The flash drive and credit cards were initially given to Special Agent Ellington but they were later returned. The officer sought and obtained a search warrant to examine the flash drive on April 17, 2008. The search of the flash drive occurred on April 18, 2008 and it was at that time, according to Officer Paxton, that the authorities first learned of the incriminating information located on the memory device.

Special Agent McClelland next testified. He reviewed the procedures that the Secret Service utilize to conduct a forensic examination and the paper trail that would be generated. Special Agent McClelland maintained that none of the records indicate that Special Agent Ellington ever conducted a forensic examination of the flash drive.

### III. STANDARD AND APPLICABLE LAW

The withdrawal of a guilty plea prior to sentencing is a matter "within the broad

discretion of the district court," *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987), and

is governed by Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. In order to

withdraw a guilty plea before sentencing, a defendant must "show a fair and just reason for

requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The purpose of Rule 11(d) "is to

allow a hastily entered plea made with an unsure heart and confused mind to be undone, not to

allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain

a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bozzi*, 94

F. 3d 1025, 1027 (6th Cir. 1996).

In considering Defendant's request to withdraw his guilty plea, the Sixth Circuit has

identified several factors that the district court must consider. The factors include (1) the

timeliness of the motion, (2) any reason for untimeliness, (3) assertion of innocence, (4) the

circumstances surrounding the guilty plea, (5) the background of the defendant, (6) the

defendant's exposure to the criminal justice system, and (7) prejudice to the government if the

motion is granted. *United States v. Bashara*, 27 F. 3d 1174, 1181 (6th Cir. 1994). These factors

"are a general, non-exclusive list and no one factor is controlling." *United States v. Bozzi*, 94 F.

3d 1025, 1027 (6th Cir. 1996). In reviewing these factors, courts do not look favorably on

requests to withdraw guilty pleas that are motivated by tactical considerations. *United States v.

Pluta*, 144 F. 3d 968, 973 (6th Cir. 1998). The defendant has the burden of establishing the

existence of a fair and just reason supporting the withdrawal of the guilty plea. *Id.*

### IV.  APPLICATION OF FACTORS

**A.  The timeliness of the motion/reason for untimeliness.**

Defendant maintains that he was investigating whether he should pursue a motion to

suppress or not. Defendant does not explain, however, why he waited so long to pursue the investigation or why such an investigation would take over six months to conduct. The actions of only one law enforcement officer were, in Defendant's mind if Defendant is to be believed, unreasonable or contrary to law. It is incredible that any defendant who has been given full discovery and who has the ability at anytime to question the law enforcement personnel involved in his case would take six months after he entered his plea of guilty to investigate the underlying facts of his case. The more likely scenario is that Defendant received his presentence report in February, 2010 and then came to the realization that a prison term was imminent. It was then and only then that Defendant began to devise a plan by which he could attempt to escape the consequences of his plea of guilty.

The Sixth Circuit has upheld decisions of lower courts that concluded that a thirty-five (35) day delay and a forty-two (42) day delay between entering guilty pleas and filing motions to withdraw weighed heavily against the defendants' requests to withdraw their pleas. *United States v. Khouri*, No. 04-4338, 2006 U.S. App. LEXIS 5465, *9-10 (6th Cir. 2006) (citing *United States v. Spencer*, 836 F.2d 236, 239-40 (6th Cir. 1987) (thirty-five days); *see also United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (forty-two days), abrogated on other grounds by statute as stated in *United States v. Caselorente*, 220 F.3d 727 (6th Cir. 2000). As previously stated, the delay involved in the case *sub judice* is two hundred seven (207) days. The amount of time that elapsed between Defendant's guilty plea and his request to withdraw his plea weighs heavily against granting Defendant's motion under *Spencer* and *Bashara*.

**B.  The assertion of innocense.**

Defendant does not now contest all of the transactions with which he is accused but he does claim that he did not engage in all of the illegal activity to which he plead guilty.  The problem with this argument is that the Plea Agreement in paragraph 8 specifically sets forth that the loss was less than $120,000, that there were more than 50 but less than 250 victims, and that Defendant possessed five or more means of identification.  With the assistance of counsel, Defendant agreed to these facts on October 8, 2009.  Eighteen days later, after time for reflection and recollection, this Court reviewed the agreement with Defendant.  Defendant acknowledged then that he understood all of the terms of the agreement and that he voluntarily entered into the agreement.  Defendant will not now be heard to deny his involvement.

This *Bashara* factor weighs against Defendant.

**C.  The circumstances surrounding the guilty plea.**

As was previously stated, the guilty plea was entered on October 26, 2009.  The hearing was scheduled after plea negotiations had occurred and after the Plea Agreement had been filed with the Court.  The Court took great care in questioning Defendant regarding his desire to enter the guilty plea.  Defendant admitted in open court that he understood the charge, that he understood the elements of the charge, that he was aware of the potential sentence that could be imposed, and that he was satisfied with his attorney's advice and representation in this matter.  Defendant was given ample opportunity to consult with his counsel during the plea colloquy.  This Court found then and this Court finds now that Defendant entered a competent, knowing, voluntary, and intelligent plea of guilty.

For these reasons, this factor strongly favors denial of Defendant's Motion to Withdraw

Guilty Plea.

**D.  The background of Defendant.**

Defendant is 27 years old and is a citizen of the Republic of Guinea according to the presentence investigation report.  Defendant speaks fluent English and has some college education.  Defendant is presently involved with a female who is pregnant with his child.  Defendant has reported no physical or mental health issues.

This factor neither helps nor hurts Defendant.

**E.  Defendant's prior exposure to the criminal justice system.**

Defendant admitted to a prior conviction for trespassing and the pending robbery and assault charges.  The presentence report indicates further involvement with the system.  His record reveals a conviction for "no operator's licence" and one conviction for "criminal damaging."  There is no record of a trespassing conviction.  Defendant also has five other misdemeanor charges that were dismissed.  This Court does not regard Defendant as a neophyte to the criminal justice system but the Court does not find Defendant to be intimately familiar with the processes for entering a plea of guilty.

To be fair, this Court finds that this factor neither hurts nor helps Defendant.

**F.  Prejudice to the Government if the motion is granted.**

The final *Bashara* factor favors Defendant because the Government failed to present any evidence or make any argument that it would be prejudiced if Defendant were permitted to withdraw his guilty plea.  Although it is often argued that the lapse of time would make it difficult to produce witnesses who have a clear memory of the events, this Court can neither assume that is the case nor will it engage in speculation concerning the prejudice that might

attach.

## V. CONCLUSION

The problem with Defendant's arguments are simply explained. Defendant's fabrications and implausible explanations destroyed Defendant's credibility. Some of Defendant's testimony was specifically refuted by other credible evidence. Some of Defendant's explanations made no sense or strained the Court's credulity to the point of breaking. Credibility determinations are uniquely the province of the trial judge. This Court finds Defendant's testimony to be untrue and incredible. The taint of fabrication infected all of Defendant's testimony and leaves this Court with the firm belief that Defendant is simply attempting to have his plea of guilty set aside after he learned of the possible sentence.

Only one *Bashara* factor favors granting the motion. Two factors neither hurt nor help. And, four factors favor denying the motion. Defendant has not met his burden in establishing a fair and just reason supporting the withdrawal of the guilty plea.

Accordingly, the Court **DENIES** Defendant's motion (Doc. # 31).

**IT IS SO ORDERED.**


 /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE